```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

MARSEILLES HOMEOWNERS          *         CIVIL ACTION
CONDOMINIUM ASSOCIATION,
INC.

VERSUS                         *         NO: 06-4531

FIDELITY NATIONAL INSURANCE    *         SECTION: "D"(1)
COMPANY
```

**ORDER AND REASONS**

Before the court is the **"Motion for Summary Judgment"** filed by Defendant, Fidelity National Insurance Company (Fidelity). Plaintiff, Marseilles Homeowners Condominium Association, Inc. (Marseilles) filed a memorandum in opposition. The motion was set for hearing on Wednesday, August 15, 2007, on which date the court heard oral argument from counsel. Now, having considered the memoranda and argument of counsel, the record, and the applicable law, the court finds that there is no genuine issue of material fact, and Fidelity is entitled to judgment as a matter of law.

**I.  Background**

In this Hurricane Katrina-related matter, Plaintiff claims that the subject property (located at 232 Lake Marina Drive, New

Orleans, Louisiana) sustained extensive flood damage. Plaintiff is the holder of a National Flood Insurance Policy (SFIP) issued by Fidelity. While Fidelity has paid Plaintiff approximately $973,000.00 under the Plaintiff's SFIP, Plaintiff seeks through this lawsuit additional federal benefits totaling approximately $641,000.00, which Plaintiff claims is due under the Plaintiff's SFIP.

In the instant motion, Fidelity (a Write-Your-Own (WYO) Program carrier participating in the United States Government's National Flood Insurance program (NFIP) pursuant to the National Flood Insurance Act of 1968, as amended, 42 U.S.C. §4001 *et seq.*, appearing in its "fiduciary"[1] capacity as the "fiscal agent of the United States"[2]), argues that Plaintiff is not entitled to recover additional U.S. Treasury benefits pursuant to their Standard Flood Insurance Policy (SFIP) because Plaintiff failed to timely file a sworn Proof of Loss.

## II.  Legal Analysis

The Standard Flood Insurance Policy requires in Article VII(J)(4) the following condition precedent:

J. Requirements in Case Of Loss

---

[1]   44 C.F.R. §62.23(f).

[2]   42 U.S.C. §4071(a)(1); *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998).

In case of a flood loss to insured property, you must:

1. Give prompt written notice to us;

2. As soon as reasonably possible, separate the damaged and undamaged property, putting it in the best possible order so that we may examine it;

3. Prepare an inventory of damaged property showing the quantity, description, actual cash value, and amount of loss. Attach all bills, receipts, and related documents;

4. Within 60 days after the loss, send us a **proof of loss**, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:

    a. The date and time of loss;

    b. A brief explanation of how the loss happened;

    c. Your interest (for example, "owner") and the interest, if any, of others in the damaged property;

    d. Details of any other insurance that may cover the loss;

    e. Changes in title or occupancy of the covered property during the term of the policy;

    f. Specifications of damaged buildings and detailed repair estimates;

    g. Names of mortgagees or anyone

>           else having a lien, charge, or
>           claim against the insured
>           property;
>
> h.      Details about who occupied any
>           insured building at the time of
>           loss and for what purpose; and
>
> I.       The inventory of damaged
>           personal property described in
>           J.3. above.

See SFIP, Art. VIII(J)(4)(emphasis added); see *also* 44 C.F.R. Pt. 61, App. A(1)(West 2007).

Under normal circumstances, Plaintiff's failure to file a sworn Proof of Loss within sixty (60) days of Hurricane Katrina would have barred its claim.  However, as a result of Hurricane Katrina and the shortage of qualified adjusters, FEMA modified the Proof of Loss requirement to expedite claims payments so that affected policyholders were not subject to undue hardship.  (*See* Waiver, Doc. No. 11-5, p. 2).  In the same document, FEMA instructed that:

> **In the event a policyholder disagrees with the insurer's adjustment, settlement, or payment of the claim, a policyholder may submit to the insurer a proof of loss within one year from the date of loss.**  The proof of loss must meet the requirements of VII.J.4 of the SFIP Dwelling or General Property Form...The insurer will then process the policyholder's proof of loss in its normal fashion.  If the insurer rejects the proof of loss in whole or in part, the policyholder may file a lawsuit against the insurer within one year of the date of th written denial of the claim as

> provided in VII.R of the SFIP Dwelling or General Property Form...
>
> For example, a policyholder who suffered a flood loss from Hurricane Katrina on August 23, 2005, and disagrees with the insurer's decision based on the adjuster's report has until August 22, 2006,[3] to file the proof of loss detailing the area(s) of disagreement.

(*Id*. at pp. 2-3).[4]

The SFIP is "an insurance policy issued pursuant to a federal program, and as such "must be strictly construed and enforced." *Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir. 1998).  "[A]n insured's failure to provide a complete, sworn proof of loss statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim." *Id*.

In this case, Plaintiff failed to file a sworn Proof of Loss within the one-year extension allowed by FEMA.  (*See* Doc. No. 11-15 at ¶11, Affidavit of Deborah Price, Vice-President of claims for Fidelity, Fidelity's duly representative and custodian of record for Plaintiff's claim file).  As a matter of law, such a failure to

---

[3] Defendant submits that August 23, 2005, is the date when Hurricane Katrina struck Florida.  (*See* Fidelity's Memo. at p. 8, n. 10).

[4] The court rejects Plaintiffs' argument that FEMA's waiver of a proof of loss requirement constitutes a "complete waiver" of the proof of loss requirements in the SFIP for claims arising from losses as a result of Hurricane Katrina.  The word "may" as it is used in the quoted language provides the policy holder in disagreement with the adjuster's decision the opportunity to either file a proof of loss (by August 22, 2006) or to choose not to challenge the adjuster's decision.

5

timely file the requisite proof of loss is fatal to Plaintiff's instant claims against Fidelity.[5]

The court rejects Plaintiff's argument that adjuster Danny Branham waived the Proof of Loss requirement when he wrote on a Proof of Loss form "Proof waived," because the power to waive the Proof of Loss requirement is reserved "exclusively" to FEMA. *See* SFIP at Art. VIII(D);[6] and *Flick v. Liberty Mutual Ins. Co.*, 205 F.3d 386, 396 (9th Cir. 2000). Further, as ths court has previously held, in the aftermath of Hurricane Katrina, FEMA only granted a waiver for the proof of loss requirement for one year; it did not grant an open and unending waiver. *See Airhart v. Allstate Insurance Company,* 2007 WL 2127720 at *2 (E.D.La. 2007)(McNamara, J.).

---

[5] This court has previously held that under binding Fifth Circuit precedent, a plaintiff's failure to timely file a sworn proof of loss is fatal to a claim for federal benefits under the Plaintiff's SFIP. (*See e.g., Newlin v. Fidelity National Property & Casualty Ins. Co.*, 2007 WL 1466819 (E.D.La. 2007)(McNamara, J.), *Airhart v. Allstate Insurance Company,* 2007 WL 2127720 at *2 (E.D.La. 2007)(McNamara, J.); and *Sandot v. La. Citizens Fair Plan*, No. 06-3783, Doc. No. 25 (McNamara, J).

*See also* Doc. No. 11-16, Fidelity's listing of 75 decisions from across the country holding that flood insurance lawsuits cannot proceed unless the insured can establish his compliance with the proof of Loss requirement.

[6] Article VIII(D) of the SFIP provides:

> This policy cannot be changed nor can any of its provisions be waived without the express written consent of the Federal Insurance Administrator. No action we take under the terms of this policy constitutes a waiver of any of our rights.

*See also* 44 C.F.R. §61.13(d).

The court is unpersuaded by Plaintiff's argument that, under the facts of this case, the Proof of Loss requirement is more form over substance, because Plaintiff did provide Fidelity with pertinent information through other documentation and Fidelity indeed has made payments to Plaintiff under the SFIP.  Plaintiff also unpersuasively argues that if a Proof of Loss was required in this case, then the court should construe Plaintiff's Complaint, Amended Complaint and attachments as tantamount to the requisite Proof of Loss.  Plaintiff's Complaint, Amended Complaint, and other documentation on which Plaintiff relies are neither sworn by the insured nor provide all the information required by 44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(4).  *Richardson v. Paulison*, 207 WL 647289 *3, n.3 (E.D.La. 2007)(Feldman, J.).

Finally, the court rejects Plaintiff's estoppel argument.  As the Fifth Circuit has explained, "[w]hen federal funds are involved, the judiciary is powerless to uphold a claim of estoppel because such a holding would encroach upon the appropriation power granted exclusively to Congress by the Constitution." *Gowland*, 143 F.3d at 955.

"Not even the temptations of a hard case will provide a basis for ordering recovery contrary to the terms of [a] *regulation*." *Forman v. Fed. Emergency Mgmt. Agency*, 138 F.3d 543, 545 (5th Cir. 1998)(citation omitted); *see also Wright v. Allstate*, 415 F.3d 384,

388 (5th Cir. 2005)(holding that the district court erred in estopping Allstate from asserting Plaintiff's failure to file an adequate Proof of Loss as a basis for denying his claim).  This court does not write on a clean slate and its equity discretion is not limitless.

    Accordingly;

    **IT IS ORDERED** that the **"Motion for Summary Judgment"** filed by Defendant Fidelity be and is hereby **GRANTED**, dismissing Plaintiff's claims against Fidelity with prejudice.

    New Orleans, Louisiana, this **15th** day of **August**, **2007**.

                                            A.J. McNAMARA
                                UNITED STATES DISTRICT JUDGE