```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

MARSEILLES HOMEOWNERS          *         CIVIL ACTION
CONDOMINIUM ASSOCIATION,
INC.

VERSUS                         *         NO: 06-4531

FIDELITY NATIONAL INSURANCE    *         SECTION: "D"(1)
COMPANY
```

## ORDER AND REASONS

Before the court is the **"Motion for New Trial"** filed by Plaintiff, Marseilles Homeowners Condominium Association, Inc. (Marseilles). Defendant, Fidelity National Insurance Company (Fidelity), filed a memorandum in opposition. The motion, set for hearing on Wednesday, September 26, 2007, is before the court on briefs, without oral argument. Now, having considered the memoranda and argument of counsel, the record, and the applicable law, the court rules.

In its **"Motion for New Trial,"** Plaintiff asks the court to reconsider its ruling granting Fidelity's Motion for Summary Judgment. Plaintiff first "submits that issues of material fact exist ..., especially Fidelity's practice of paying out part of the

claim, never requesting a sworn proof of loss, and then denying further liability after suit is filed." (*See* Plaintiff's motion at p. 1).

Additionally, Plaintiff "wishes to bring additional evidence to the Court's attention concerning Fidelity's past practice of obtaining waivers of the sworn proof of loss requirement in order to permit the payment of proper claims." (*Id*.). Plaintiff argues that "Fidelity has inequitably offered to seek a waiver of the proof of loss requirement in some cases but has not extended a similar offer" here. (*Id.* at p. 4). Plaintiff "wishes to be given the option to seek a waiver from FEMA regarding the proof of loss requirement,"[1] ... and "then let the Court sort out the coverage dispute." (*See* Plaintiff's Reply at p. 4).

At the outset, the court treats Plaintiff's **"Motion for New Trial"** as a **Motion to Alter or Amend Judgment** under Federal Rule of Civil Procedure 59(e). *St Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997).

The Fifth Circuit instructs that:

> "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should

---

[1] But Plaintiff argues that "Fidelity, not FEMA, should make the call whether the waiver is granted." (*see* Plaintiff's Reply at p. 4).

2

>have been made before the judgment issued.'"
>... Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law.

*Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)(citations omitted).

Here, the court finds that Plaintiff has failed to show that the court's granting of Fidelity's Motion for Summary Judgment (based on Plaintiff's failure to timely file a sworn Proof of Loss) was based on manifest errors of law or fact or that an intervening change in controlling law has occurred.[2]  Further, the court concludes that Plaintiff is not entitled to Rule 59(e) relief based on Plaintiff's "new" argument that it should be allowed to seek a waiver from FEMA regarding the proof of loss requirement based on evidence of Fidelity (in other cases) obtaining waivers of the sworn proof of loss requirement to permit the payment of claims. Plaintiff could and should have made this "new" argument before summary judgment was entered in favor of Fidelity, and Plaintiff has not argued, much less shown, that it could not have submitted any of the documents it now attaches to its Motion, before the

---

[2]  The court's order granting Fidelity's Motion for Summary Judgment was based on controlling Fifth Circuit precedent: *Wright v. Allstate*, 415 F.3d 384 (2002); *Gowland v. Aetna*, 143 F.3d 951 (5th Cir. 1998); and *Forman v. FEMA*, 138 F.3d 543 (5th Cir. 1998).  Further, as the court stated in that order, "[t]his court does not write on a clean slate and its equity discretion is not limitless." (*See* Order and Reasons, Doc. No. 42, p. 8).

3

court ruled on Fidelity's Motion for Summary Judgment.[3]

Accordingly;

**IT IS ORDERED** that **"Motion for New Trial"** filed by Plaintiff, Marseilles Homeowners Condominium Association, Inc., and treated as a **Motion to Alter or Amend Judgment** under Federal Rule of Civil Procedure 59(e), be and is hereby **DENIED.**

New Orleans, Louisiana, this **2nd** day of **October**, **2007**.

                                          _____
                                                     A.J. McNAMARA
                                          UNITED STATES DISTRICT JUDGE

---

[3]  As the court previously stated in this case,

> the power to waive the proof of Loss requirement is reserved "exclusively" to FEMA.  *See* SFIP at Art. VIII(D); and *Flick v. Liberty Mutual Ins. Co.*, 205 F.3d 386, 396 (9th Cir. 2000).  Further, ... in the aftermath of Hurricane Katrina, FEMA only granted a waiver for the proof of loss requirement for one year; it did not grant an open and unending waiver.  *See Airhart v. Allstate Insurance Company,* 2007 WL 2127720 at *2 (E.D.La. 2007)(McNamara, J.).

*(See* Order and Reasons, Doc. No. 42, p. 6).

       Further, in support of its position that Fidelity has sought and obtained from FEMA waivers of the sworn proof of loss requirement in other cases (and hence Fidelity should have done so in this case), Plaintiff attaches to its motion: (1) the Affidavit of Martha Y. Curtis, an attorney who represented other Plaintiffs in proof of loss cases, but is also an attorney with the law firm representing Plaintiff in this case; and (2) correspondence from other matters dated between March and July, 2007.  Plaintiff has failed to make any showing why any of this evidence could not have been produced before summary judgment was entered in favor of Fidelity (on August 15, 2007).